UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES MARCOTTE, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 14-12608-LTS |
| AMERICAN HONDA FINANCE ) CORPORATION, ) | |
| Defendant(s). ) | |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 43)

April 1, 2016

SOROKIN, J.

Plaintiff James Marcotte ("Marcotte") brought this action, which stems from an allegedly fraudulent signing of his name to loan documents. See Doc. No. 49-2. After Marcotte voluntarily dismissed one defendant, Majestic Motors, Inc. ("Majestic Motors"), Doc. No. 10, the sole remaining Defendant, American Honda Finance Corporation ("AHFC") moved for summary judgment on the two remaining counts against it, Counts 6 and 7. Doc. No. 43.[1] Marcotte opposed the motion, Doc. No. 47, and AHFC replied. Doc. No. 49. After careful consideration of the parties' briefs and arguments, the motion is ALLOWED.

I.     FACTS[2]

---

[1] Counts 1-5 were all against Majestic Motors. See Doc. No. 49-2 at 5-6.
[2] On summary judgment, the Court "view[s] the facts in the light most favorable to" the non-moving Marcotte, "and draw[s] all reasonable inferences in his favor." Ray v. Ropes & Gray LLP, 799 F.3d 99, 112 (1st Cir. 2015).

Marcotte owned and operated three New England automobile rental businesses—Select Car Rental, LLC; KDSB Rentals, Inc.; and NH Auto Rental, Inc. Doc. No. 49 ¶¶ 1, 2. Between 2008 and 2010, these entities purchased 132 vehicles from Majestic Motors. Id. ¶ 3. AHFC financed these vehicle purchases. Id. Although Marcotte's signature appears on the forms, he asserts that he never signed off as a guarantor in his personal capacity for the financing contracts for those vehicles. See Doc. No. 45-3 at 10.

Nevertheless, by no later than October 6, 2010, AHFC had reported to credit reporting agencies that Marcotte had outstanding personal installment debt to AHFC. Doc. No. 45-3 at 5. Marcotte noticed this debt appearing on his personal credit report sometime in October 2010, Doc. No. 49 ¶ 5, and, shortly thereafter, he contacted AHFC to discuss his purportedly incorrect personal liability for these contracts. Doc. No. 45 ¶ 17. Marcotte does not know who forged his signature, id. ¶ 30, and there is no record evidence that AHFC was involved in doing so. Further, the record does not contain any evidence that AHFC furnished Marcotte's purportedly outstanding personal debt to credit reporting agencies beyond the initial disclosure it made which then appeared on Maroctte's October 6, 2010 credit report.

II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party "has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing there is a genuine issue for trial.'" Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). The Court is "obliged to review the record in the light most

favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).  Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008) (quoting Medina–Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).  A court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

III.   DISCUSSION

AHFC offers a host of reasons to grant summary judgment. See Doc. No. 44.  The Court, proceeding count-by-count, reaches only those issues necessary to resolve the motion.

A.   Count 6-Fraud[3]

Count 6 alleges that "AHFC knowingly utilized false and/or forged documents for purposes of leading the credit reporting agency or agencies to lead such agency or agencies to believe that Plaintiff was, in fact, personally liable." Doc. No. 49-2 ¶ 53.  The statute of limitations for a Massachusetts fraud claim is three years. Pilalas v. Cadle Co., 695 F.3d 12, 14 (1st Cir. 2012).  "A claim for fraudulent misrepresentation does not begin to accrue until 'a plaintiff learns or reasonably should have learned of the misrepresentation.'" Rodi v. S. New

---

[3] While the Complaint characterizes Count 6 as a claim for "Breach of Duty of Good Faith and Fair Dealing," Doc. No. 49-2 at 7, Marcotte characterizes Count 6 as a fraud claim: "Count 6, regardless of what the drafter of the complaint inserted as a heading, outlines a count for fraud, not breach of contract." Doc. No. 48 at 10. As discussed below, the gravamen of the allegations support Marcotte's fraud characterization. The Court therefore accepts his characterization of the Complaint, which conforms to the allegations made therein.

Eng. Sch. of Law, 389 F.3d 5, 17 (1st Cir. 2004) (quoting Kent v. Dupree, 429 N.E.2d 1041, 1043 (Mass. Ap. Ct. 1982).

Marcotte learned of any potential misrepresentation AHFC made to credit reporting agencies regarding any debt he purportedly assumed in his personal capacity in October 2010, when he saw the outstanding AHFC debt on his personal credit report. He did not file suit until March 6, 2014, more than three years later. Doc. No. 49-2 at 8. Accordingly, the statute of limitations bars this claim. Additionally, the record contains no evidence that AHFC itself forged Marcotte's name, nor that it otherwise knew his signature was not valid when it reported the outstanding debt to any credit reporting agencies. For both these reasons, the motion is ALLOWED for Count 6, which is DISMISSED.

    B.    Count 7-Negligence/Gross Negligence

Count 7 alleges that "AHFC failed to exercise . . . reasonable care in its conduct with respect to the nature of Plaintiff's lack of personal liability for the obligations of said entities," id. ¶ 58, and that, "[i]n spite of repeated inquires by Plaintiff, AHFC refused to disclose to Plaintiff the basis on which his personal credit was being downgraded by one or more credit reporting agencies." Id. ¶ 59. He alleges that this resulted in "severe financial losses." Id. ¶ 60.

"In the context of ordinary negligence claims in tort actions, the [Massachusetts] Supreme Judicial Court has held that 'purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage.'" Cummings v. HPG Intern., Inc., 244 F.3d 16, 24 (1st Cir. 2001) (quoting FMR Corp. v. Boston Edison Co., 613 N.E.2d 902, 903 (Mass. 1993)); accord Kupperstein v. Bank of America, N.A., No. 14-13766-GAO, 2015 WL 4601704, at *2 (D. Mass. July 31, 2015) ("Under the economic loss doctrine, plaintiffs pleading negligence must allege personal injury or property damage. The plaintiffs'

allegations of economic harm . . . do not satisfy this standard. This claim is dismissed.") (internal citations omitted). Because Marcotte only alleges financial injury, the economic loss doctrine bars this count, and the motion is ALLOWED for Count 7, which is DISMISSED.[4]

IV.     CONCLUSION

For the foregoing reasons, AHFC's Motion for Summary Judgment, Doc. No. 43, is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[4] Marcotte's argument that the economic loss doctrine does not bar recovery for intentional torts, Doc. No. 48 at 6, is correct. However, that only enables Count 6, and not Count 7, to overcome the economic loss doctrine as only Count 6 involves an intentional tort. As discussed above, Count 6 fails without regard to the economic loss doctrine.

5